IN HE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| THE JOB CENTER. LLC., ) | |
| ) | Case No. 1:24-cv-00510-DRC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' ANSWER**

Defendant United States of America submits this answer to Plaintiff The Job Center, LLC's complaint, as follows:

FIRST DEFENSE

Plaintiff has failed to comply with the administrative exhaustive requirement required to seek attorney's fees from the United States under 26 U.S.C. § 7430(b)(1).

SECOND DEFENSE

For its second defense, the United States responds to the separate paragraphs (in *italics*) of the complaint, as follows:

***PARTIES, JURISDICTION AND VENUE***

1. *Plaintiff is an Ohio limited liability company with its principal place of business in Cincinnati, Ohio.*

RESPONSE: The United States admits the allegations in Paragraph 1.

2. *Defendant the United States of America may be served with process by mailing a copy of the Summons and Complaint by certified mail to Kenneth L. Parker, United States Attorney for the Southern District of Ohio, 303 Marconi Boulevard, Suite 200, Columbus, OH 43215, and by mailing a copy of the Summons and Complaint by certified mail to Merrick Garland, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530-*

0001.

RESPONSE: The United States admits that service of process in cases filed in the Southern District of Ohio can be made as set forth in Paragraph 2 and denies the allegations with regard to cases filed in any other jurisdiction.

3. *Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1340 and 1346(a)(1).*

RESPONSE: The United States admits the allegations in Paragraph 3.

4. *Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(2).*

RESPONSE: The United States admits the allegations in Paragraph 4.

## ***PAYROLL TAXES AND THE ERC***

5. *Pursuant to Federal law, employers are required to withhold certain Federal income taxes, and taxes from the Federal Insurance Contributions Act ("FICA Taxes"), from their employees' wages and other compensation.*

RESPONSE: The United States admits the allegations in Paragraph 5.

6. *Pursuant to 26 U.S.C. §§ 3102, 3111, 3301 and 3402, employers are also required to pay their own portion of FICA Taxes and taxes from the Federal Unemployment Tax Act ("FUTA Taxes"), with FICA Taxes and FUTA Taxes being commonly referred to, collectively, as "Payroll Taxes."*

RESPONSE: The United States admits the allegations in Paragraph 6.

7. *Pursuant to 26 U.S.C. §§ 6302 and 6157, as well as 26 C.F.R. §§ 31.6302-1, 31.6302(c)-1, and 31.6302(c)-3, employers are required to periodically deposit Payroll Tax payments in certain prescribed Federal deposit banks.*

RESPONSE: The United States admits the allegations in Paragraph 7 and avers that employers are, in addition to depositing both the employee's and employer's portion of FICA taxes and FUTA taxes, required under federal law to deposit with the IRS the income taxes withheld from the paychecks of their employees.

8. *Pursuant to 26 U.S.C. § 6011, as well as 26 C.F.R. § 31.6071(a)-1, employers are further required to file quarterly Payroll Tax returns (known as "IRS Form 941").*

RESPONSE: The United States admits the allegations in Paragraph 8.

9. *On or about March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (Pub. L. No. 116-36, "CARES Act"), which created a new refundable credit program commonly known as the Employee Retention Credit ("ERC"). Congress amended the ERC program several times, including by way of the Taxpayer Certainty and Disaster Relief Act of 2020 (Pub. L. 116-260), the American Rescue Plan Act of 2021 (Pub. L. 117-2), and the Infrastructure Investment and Jobs Act (Pub. L. 116-136).*

RESPONSE: The United States denies that Paragraph 9 accurately sets forth the Public Law numbers of the CARES Act or the Infrastructure Investment and Jobs Act, and admits the remaining allegations in Paragraph 9.

10. *As amended, the ERC was available to businesses for all four (4) calendar quarters of 2020 (the "2020 ERC"), and (with limited exception, not applicable to this case) the first three (3) calendar quarters of 2021 (the "2021 ERC").*

RESPONSE: The United States admits the allegations in Paragraph 10.

11. *Businesses could qualify for the ERC in a given calendar quarter of 2020 and/or 2021 by showing either: (a) a decline in gross receipts over a given statutory threshold, compared to the corresponding quarter in 2019 (the "Gross Receipts Test"), or (b) a full or partial suspension of their business due to compliance with State, Local or Federal government-issued orders limiting commerce, travel, or group meetings (for commercial, social, religious, or other purposes) due to COVID-19 (the "Government Shutdown Test").*

RESPONSE: The United States admits the allegations in Paragraph 11.

12. *For the 2020 ERC, the amount of the ERC was fifty percent (50%) of qualifying wages, with qualifying wages being capped at $10,000.00 annually per employee. Applying these rules, the maximum per employee credit was $5,000.00 in the aggregate for all quarters in which the employer was eligible for the 2020 ERC. For the 2021 ERC, the amount of the credit was seventy percent (70%) of qualifying wages, with qualifying wages being capped at $10,000.00 quarterly per employee. Applying these rules, the maximum per employee credit was $7,000.00 for each quarter in which the employer was eligible for the 2021 ERC.*

RESPONSE: The United States admits the allegations in Paragraph 12.

13. *For both the 2020 ERC and 2021 ERC, qualifying wages included W-2 wages, plus employer-paid healthcare expense. Certain amounts were statutorily required to be excluded from qualifying wages, including payroll costs used for forgiveness of a Paycheck Protection Program Loan, and certain credits such as the Work Opportunity Tax Credit and leave credits under the Families First Coronavirus Response Act.*

RESPONSE: The United States denies that all employer-paid health care expenses constitute qualified wages for purposes of the ERC and admits the remaining allegations in Paragraph 13.

### ***PLAINTIFF'S ERC CLAIMS***

14. *Plaintiff is a staffing company specializing in leasing employees to businesses in light industrial industries such as warehousing and distribution. Plaintiff has locations throughout Ohio, Kentucky, Indiana, Pennsylvania, New Hampshire, Missouri, Georgia, North Carolina, Texas, and Arizona.*

RESPONSE: The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14.

15. *During the COVID-19 pandemic, Plaintiff was compelled to suspend and/or modify a more than nominal portion of its business due to compliance with State, Local or Federal government- issued orders limiting commerce, travel, or group meetings, including (but not limited to) substantially increasing processing and check-in times for employees due to mandated social distancing, temperature checks and sanitation, being unable to meet with prospective employees due to social distancing and indoor occupancy restrictions, eliminating walk-in appointments for new employees and switching to an appointment-only model, and eliminating job fairs and group hiring events.*

RESPONSE: The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15.

16. *As a result of the conditions described above, Plaintiff qualified for the ERC under the Government Shutdown Test for the second calendar quarter of 2020 ("Q2 2020"), the third calendar quarter of 2020 ("Q3 2020"), the fourth calendar quarter of 2020 ("Q4 2020"), the first calendar quarter of 2021 ("Q1 2021") and the second calendar quarter of 2021 ("Q2 2021").*

RESPONSE: The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16.

17. *On or about June 20, 2023, Plaintiff filed Forms 941-X with the IRS for Q2 2020, Q3 2020, Q4 2020, Q1 2021, and Q2 2021, claiming ERC refunds in the amounts of $742,391.47, $806,080.19, $1,342,305.71, $903,686.20, and $1,359,945.28, respectively (each an "ERC Refund Claim," and collectively, the "ERC Refund Claims").*

RESPONSE: The United States admits that Plaintiff filed IRS Forms 941-X seeking

4

refunds for the tax periods and in the amounts set forth in Paragraph 18, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18.

    18. *As of the date of this filing, the IRS has failed to issue Plaintiff any refunds for the ERC Refund Claims.*

    RESPONSE:  The United States admits that the IRS has not issued any refunds to Plaintiff on the refund claims at issue in this case and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18.

    19. *Defendant has not issued any notices of audit, examination, disallowance, or deficiency for the time periods applicable to the ERC Refund Claims which would justify any further delays in issuing the requested refunds.*

    RESPONSE:  The United States admits that the IRS has not issued any notices of audit, examination, disallowance, or deficiency for the periods for which Plaintiff is seeking refunds and lacks sufficient knowledge or information to determine whether Plaintiff is entitled to any of its requested refunds.

    20. *Defendant has made no claim upon the Plaintiff regarding any Federal taxes alleged to be owed by Plaintiff that could be properly offset by the refunds owed to Plaintiff pursuant to the ERC Refund Claims.*

    RESPONSE:  The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20.

## ***CAUSE OF ACTION***

    21. *A taxpayer is permitted to file a refund suit against the United States of America, pursuant to 26 U.S.C. § 7422 and 6532, for the recovery of taxes paid under Title 26 of the United States Code, provided that (a) a claim for refund has been filed with the IRS, (b) it has been at least six(6) months from the date of such filing, and (c) it has been less than two (2) years from the date the IRS notified the taxpayer that such claim has been disallowed.*

    RESPONSE:  The United States admits that the allegations in Paragraph 21 summarize some of the jurisdictional requirements for a taxpayer to file a refund suit against the United

States and denies any remaining allegations in Paragraph 21.

22. *As set forth in Paragraph 17, above, Plaintiff filed for the ERC Refund Claims on or about June 20, 2023.*

RESPONSE:  The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22.

23. *Defendant has failed to issue any of the refunds for any ERC Refund Claim.*

RESPONSE:  The United States admits that it has not issued the Plaintiff its requested refunds and lacks sufficient knowledge or information to determine whether Plaintiff is entitled to such refunds.

24. *It has been longer than six (6) months since Plaintiff filed the ERC Refund Claims.*

RESPONSE:  The United States admits the allegations in Paragraph 24.

25. *Defendant never disallowed any of the ERC Refund Claims, and the two (2) year statute of limitations based on a disallowance is thus inapplicable.*

RESPONSE:  The United States admits that the IRS has not issued a notice disallowing Plaintiff's refund claims and admits that the 2 year statute of limitations for bringing a refund action set forth in 26 U.S.C. § 6532(a)(1) is not implicated and lacks sufficient knowledge or information to determine whether Plaintiff is entitled to such refunds.

26. *Plaintiff is entitled to the ERC Refund Claims, in the following amounts, plus interest in accordance with the law: $742,391.47 for Q2 2020, $806,080.19 for Q3 2020, $1,342,305.71 for Q4 2020, $903,686.20 for Q1 2021, and $1,359,945.28 for Q2 2021.*

RESPONSE:  The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27.

27. *Plaintiff is entitled to reasonable attorney's fees and legal costs associated with this cause of action, pursuant to 28 U.S.C. § 2412.*

RESPONSE:  The United States denies the allegations in Paragraph 28.

WHEREFORE, Defendant United States of America requests that the Court dismiss Plaintiff's complaint with prejudice, and such other relief as the Court determines is just and proper.

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/ Bradley A. Sarnell*
        BRADLEY A. SARNELL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-307-1038 (v)
        202-514-5238 (f)
        Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice to all ECF filers. There are no parties which require conventional service.

        */s/ Bradley A. Sarnell*
        BRADLEY A. SARNELL
        Trial Attorney
        United States Department of Justice, Tax Division